IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 6, 2009

## MICHAEL BILLS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C07-122     Donald H. Allen, Judge**

**No. W2008-02704-CCA-R3-PC  - Filed February 22, 2010**

The Petitioner, Michael Bills, appeals from the Madison County Circuit Court's denial of post-conviction relief from his conviction for possession with the intent to sell one-half gram or more of cocaine, a Class B felony. In his appeal, the Petitioner argues that he received ineffective assistance of counsel because trial counsel (1) failed to call two witnesses to testify at trial and (2) failed to properly prepare a defense. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

J. Colin Morris, Jackson, Tennessee, for the Petitioner-Appellant, Michael Bills.

Robert E. Cooper, Jr., Attorney General and Reporter, Clarence E. Lutz, Assistant Attorney General; James G. Woodall, District Attorney General; and Brian M. Gilliam, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

**Facts.** On direct appeal, this court summarized the facts in the Petitioner's case:

> This case relates to a police search of the defendant's car, revealing the presence of 2.2 grams of crack cocaine. At the trial, Jackson Police Department Officer Rolanda James testified that at approximately 2:00 a.m. on September 13, 2003, he was patrolling the area around First Street and Day Street in Jackson when he saw the defendant standing on the side of the road talking to another man. He said the hood on the defendant's car was raised. He said he and another patrol officer stopped to speak with the

defendant. He said the defendant told him that he was having car trouble. He said he identified the person to whom the defendant was talking as Terrion Cole. Officer James said that he asked the defendant if he was involved in any criminal activity and that the defendant replied that he was not. He said that he asked the defendant for permission to search the car and that the defendant gave him permission to search. He said that during the search, he saw "a small plastic portion of a bag sticking out from the little compartment by the rearview mirror." He said the bag contained what appeared to be crack cocaine.

Officer James said that in his experience, a person who possessed cocaine for personal use normally had "way under one gram." He said, however, that a person who possessed cocaine for the purposes of selling or delivering it would have between two and six grams. Officer James said a search of the defendant's person revealed the presence of $499 and a cell phone.

On cross-examination, Officer James acknowledged that the defendant was working on his car when he arrived and began questioning him. He admitted the defendant did not appear to be doing anything illegal. Officer James said he asked for permission to search the defendant's car because the defendant was in a high crime area. Officer James admitted he did not get the defendant to sign a consent to search form. He acknowledged he did not attempt to lift fingerprints from the plastic bag containing the cocaine. Officer James acknowledged that earlier in the evening, he spoke to a man named Spencer Reeves while on patrol.

Jackson Police Department Officer Frank Yalda testified that he assisted Officer James in questioning the defendant and searching his car. Officer Yalda said he assisted by providing additional police presence but claimed he did not interview the defendant or obtain his consent to search his car. Officer Yalda said he saw Officer James find a plastic bag of what they suspected was crack cocaine.

Tennessee Bureau of Investigation Special Agent Brian Lee Eaton testified that he tested the suspected crack cocaine seized by Officer James and determined that it was crack cocaine. He said the crack cocaine weighed 2.2 grams.

The defendant called Terrion Cole who testified that he noticed Spencer Reeves, also known as "Dean," sitting inside the passenger seat of

the defendant's car sometime before the police arrived. He said that when "Dean" noticed him, "Dean" quickly left the defendant's car. He said that he asked "Dean" if he knew where the defendant was and that "Dean" told him the defendant was at a club.

Mr. Cole said that later that evening, he saw "Dean" talk to a police officer and hand the police officer "some kind of paper" from his back pocket. Mr. Cole said he was standing next to the defendant, helping him fix a carburetor problem when Officers James and Yalda arrived. He said the officers ordered the defendant and him to get against the car and proceeded to frisk them. He said the officers handcuffed them and asked if they could search the car. He said Officer James opened the car door and pulled a small plastic bag out of the car "like he knowed . . . it was there."

On cross-examination, Mr. Cole acknowledged having been convicted of felony evading arrest, aggravated robbery, and aggravated assault.

The defendant called Spencer Reeves who testified that he is also known as "Dean." He said he saw the defendant on the night the defendant was arrested. He said that earlier in the evening, he had helped the defendant change a flat tire. Mr. Reeves said a police officer stopped him thereafter and checked to see if he had any outstanding probation violation warrants. Mr. Reeves said he showed the officer some paperwork indicating that he was no longer on probation. Mr. Reeves said he did not talk to the police about the defendant at that time. He said he came into contact with the same officer later that evening. He said that the officer told him he suspected him of having drugs, that the officer searched him, but that the officer did not find any drugs. He said that the police told him to leave and that as he was leaving, he noticed them go and talk to the defendant and Mr. Cole. On cross-examination, Mr. Reeves said he had no personal knowledge of the drugs found in the defendant's car.

State v. Michael Bills, No. W2005-01107-CCA-R3-CD, 2006 WL 739851, at *1-2 (Tenn. Crim. App., at Jackson, March 22, 2006), perm. to appeal denied (Tenn. Aug. 28, 2006).

The jury found the Petitioner guilty of possession with the intent to sell one-half gram or more of cocaine, and the trial court imposed an effective sentence of sixteen years in the Department of Correction. See id. at *1. The Petitioner filed a direct appeal, and this court affirmed the judgment of the trial court. See id. The Petitioner's application for permission to appeal was denied by the Tennessee Supreme Court on August 28, 2006. See id.

The Petitioner then filed a timely pro se petition for post-conviction relief. The Petitioner was appointed counsel, who filed an amended petition for post-conviction relief on the Petitioner's behalf on September 10, 2007. The Petitioner's appointed counsel subsequently withdrew, and new counsel was appointed on September 2, 2008. Following an evidentiary hearing, the post-conviction court entered an order denying relief on October 28, 2008. The Petitioner filed a timely notice of appeal on November 24, 2008.

**Post-Conviction Hearing.** The Petitioner was the only individual to testify at the post-conviction hearing on October 24, 2008. The Petitioner stated that trial counsel began representing him after he was indicted. He stated that he originally thought that George Googe, the District Public Defender, was going to be representing him, but Mr. Googe told him that trial counsel, who was an assistant public defender, would be handling his case. The Petitioner said that he told trial counsel that he wanted Virginia Willis and Sonya Winfield subpoenaed for trial. He gave her their addresses and telephone numbers, which he believed were correct. He stated that trial counsel told him that she did not subpoena those witnesses because she could not locate them. The Petitioner said that Willis and Winfield would have testified that the Petitioner had previously been addicted to drugs and that he had encouraged Willis and Winfield to go to rehab to get help with their drug problems. He also said that Willis and Winfield could have testified regarding his character. The Petitioner said that he was arrested at First Street and Day Street, which is known to be an area frequented by drug dealers. He claimed that he was labeled as a drug dealer just because his father lived in the area.

The Petitioner maintained that the drugs found in his car were not his drugs. He stated that he asked trial counsel to take a picture of his car to show the jury that he had a flat tire at the time that the drugs were found by the police. He explained that Spencer Reeves had informed him that he had a flat tire, and the Petitioner had given him his keys so that Reeves could change it. Later, the Petitioner saw Reeves talking to Officer James before the police "ran across the street and asked to search [his] car." He said that Reeves was not charged with anything that day. The Petitioner stated that he believed that Reeves was responsible for placing the drugs in his car at the time that he gave him the keys to fix his flat tire. He said that he informed trial counsel about his belief that Reeves was responsible for placing the drugs in his car. However, when trial counsel spoke to Reeves about the matter, Reeves said that the drugs were not his and that he had no reason to put drugs in the Petitioner's car, and he repeated this statement at trial in front of the jury.

During cross examination, the Petitioner said that the evidence against him at trial was that the police found him working on his car and then found 2.2 grams of crack cocaine in his car during their search. He said that the officers also found $499 in cash and a cell phone when they searched him. The Petitioner acknowledged that Virginia Willis and Sonya Winfield did not witness anything related to his charges. When asked if he knew where

Willis and Winfield currently resided, he stated that he had not seen either one of them since the night he was arrested. The Petitioner said that he never brought Willis and Winfield to talk to trial counsel, although he told them that trial counsel would be notifying them when he obtained their addresses and telephone numbers. The Petitioner acknowledged that Willis and Winfield were not present at the post-conviction hearing but claimed that he did not know that they needed to testify at the hearing. He said he asked trial counsel to take a photograph of his car because it would have shown that Reeves had the opportunity to plant the drugs in his car when he was supposedly changing the Petitioner's flat tire.

The Petitioner admitted that he was using crack cocaine at the time that he was arrested; however, he denied ever selling it. He also stated that the cocaine found in his car did not belong to him, although he could not identify the owner of the drugs. The Petitioner said someone planted the drugs in his car:

> I mean, I don't know exactly who did it, but I know [Spencer Reeves] was the only one that had possession of the keys to my car. Why would he talk to the police in the alley one time, go over to the car and then when he sees us, he runs. And then the police turns around – pulls in the driveway and turns around and come back and search him again and then all of a sudden they run across the street to my car.

The Petitioner acknowledged that trial counsel questioned Reeves on the stand about the drugs and his interaction with the police prior to the Petitioner's arrest. The Petitioner also admitted that he did not testify at trial, although trial counsel called Terrion Cole on his behalf. He said that Cole testified that the drugs did not belong to the Petitioner, that the Petitioner was not a drug dealer, and that Reeves could have placed the drugs in the Petitioner's car because he saw Reeves sitting in the car shortly before Petitioner's arrest. The Petitioner acknowledged that the testimony from Willis and Winfield would have been substantially the same as Cole's testimony.

The post-conviction court also asked the Petitioner a few questions at the close of cross-examination. The Petitioner stated that he told trial counsel that he believed Reeves placed the drugs in his car because the Petitioner had refused to move a stolen air conditioner and some wet vacs for Reeves on a prior occasion. He also acknowledged that he asked trial counsel to call Reeves and Cole to testify at trial. The Petitioner claimed that Reeves had told him in jail that he was going to tell the truth at trial but actually "changed to a whole different story" and claimed the drugs were not his while on the stand.

At the conclusion of the hearing, the post-conviction court determined that neither Willis nor Winfield was present at the time the offense was taking place or at the time of the Petitioner's arrest. The court said that because the Petitioner waived his right to testify at

trial, he could not have called Willis or Winfield as character witnesses. It also stated that the proof at the hearing showed that trial counsel attempted to find Willis and Winfield but was unable to do so, which was not surprising considering that these potential witnesses were cocaine addicts. Furthermore, the court emphasized that the Petitioner admitted during the hearing that he was out on bond but never attempted to have Willis and Winfield talk to trial counsel. The post-conviction court stated that it did "not find that [trial counsel] was ineffective by not having these two particular witnesses brought to court" and that it did not "think that they would have made any difference in this case."

Regarding the Petitioner's claim that trial counsel failed to prepare a defense in his case, the court asserted that the Petitioner's defense theory was that the drugs did not belong to him, which was the same defense theory that trial counsel argued to the jury. The court determined that trial counsel was attempting to present this defense theory when she called Terrion Cole and Spencer Reeves to testify at trial. The court stated that trial counsel's defense strategy was to show that Reeves was not a credible witness so that the jury would believe that Reeves set up the Petitioner by placing the drugs in his car. Given that the proof at trial showed that 2.2 grams of cocaine was more than a user of drugs would possess and that $499 was found on the Petitioner's person, the court found that it did not believe that trial counsel's showing a picture of his car "would have made any difference in the jury's opinion in this case." Ultimately the court concluded:

> Based upon all of the proof that has been presented here and I will say this: You know, again, it's up to the defense to prove these allegations by clear and convincing evidence. [Trial counsel] is not here to testify, but it has been four years ago. I doubt she seriously remembers a lot about this case. But even if she was here, I don't think it would have made any difference in terms of the proof because [the Petitioner] says these are the things that he claims she was ineffective in doing and based upon his testimony, I just don't find that she was ineffective in this case.
>
> Based upon all of this, the Court finds that the petitioner has failed to meet his burden by clear and convincing evidence and that his petition for post conviction relief is denied.

On October 28, 2008, the court entered an order denying the Petitioner's request for post-conviction relief. The court found that the Petitioner failed to prove that he had received ineffective assistance of counsel:

> It is clear from the testimony that the petitioner's only real contention is that his trial attorney should have called two character witnesses to testify that they have never seen him sell drugs. The petitioner testified during the

-6-

post conviction hearing that he did not testify at the trial, and the Court finds therefore he would not be entitled to call such witnesses. At any rate, all the witnesses that were present during the commission of this offense were called and did testify. There being no other proof presented at the hearing the Court finds that the petitioner has simply failed to present any proof of anything that trial counsel did or did not do that is violation of any right guaranteed by the [c]onstitution of the United States or the State of Tennessee. Counsel was effective and presented a defense available and there has been no proof contrary to the fact that counsel was anything but effective.

The petition is therefore dismissed.

**I. Ineffective Assistance of Counsel.** The Petitioner argues that trial counsel rendered ineffective assistance in failing to subpoena witnesses Virginia Willis and Sonya Winfield to testify at trial. He contends that these witnesses would have testified about the Petitioner's character and the fact that the Petitioner did not sell drugs. In addition, the Petitioner asserts that trial counsel was ineffective in failing to take photographs of his car, which would have shown the car's location, the car's flat tire, and the possibility that Spencer Reeves could have placed the cocaine in his automobile. Finally, the Petitioner argues that trial counsel was ineffective in calling Spencer Reeves to testify, since Reeves' perjured testimony that he was not responsible for placing the drugs in the Petitioner's car "tainted the entire jury." The Petitioner contends that but for trial counsel's errors, the verdict in his case would have been different. In response, the State argues that the Petitioner has waived his claims of ineffective assistance of counsel because he failed to cite to the record in his brief. Waiver notwithstanding, the State contends that the court properly denied the petition for post-conviction relief.

Regarding the issue of waiver, we note that a brief shall contain "[a]n argument . . . with citations to the authorities and appropriate references to the record . . . relied on." Tenn. R. App. P. 27(a)(7). Furthermore, "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b). However, because the Petitioner does cite to the record in other parts of his brief, we will review his issues on their merits.

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103 (2006). Our supreme court has held:

A post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. When reviewing factual issues, the appellate court will not re-weigh or re-evaluate the evidence; moreover, factual

-7-

questions involving the credibility of witnesses or the weight of their testimony are matters for the trial court to resolve. The appellate court's review of a legal issue, or of a mixed question of law or fact such as a claim of ineffective assistance of counsel, is de novo with no presumption of correctness.

Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006) (internal quotation and citations omitted). "The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence." Id. (citing T.C.A. § 40-30-110(f); Wiley v. State, 183 S.W.3d 317, 325 (Tenn. 2006)). Evidence is considered clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998) (citing Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901, n.3 (Tenn. 1992)).

Vaughn further repeated well-settled principles applicable to claims of ineffective assistance of counsel:

> The right of a person accused of a crime to representation by counsel is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9, of the Tennessee Constitution. Both the United States Supreme Court and this Court have recognized that this right to representation encompasses the right to reasonably effective assistance, that is, within the range of competence demanded of attorneys in criminal cases.

202 S.W.3d at 116 (internal quotations and citations omitted).

In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. Id. (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). "[A] failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996) (citing Strickland, 466 U.S. at 697, 104 S. Ct. at 2069).

A petitioner successfully demonstrates deficient performance when the clear and convincing evidence proves that his attorney's conduct fell below "an objective standard of reasonableness under prevailing professional norms." Id. at 369 (citing Strickland, 466 U.S. at 688, 104 S. Ct. at 2065; Baxter, 523 S.W.2d at 936). Prejudice arising therefrom is demonstrated once the petitioner establishes "a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." Id. at 370. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. (quoting Strickland, 466 U.S. at 694, 104 S. Ct. at 2068).

We note that "[i]n evaluating an attorney's performance, a reviewing court must be highly deferential and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." State v. Burns, 6 S.W.3d 453, 462 (Tenn. 1999) (citing Strickland, 466 U.S. at 689, 104 S. Ct. 2052). Moreover, "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." Strickland, 466 U.S. at 688-89, 104 S. Ct. at 2065.

**A. Failure to Call Willis and Winfield as Witnesses at Trial.** The Petitioner contends that trial counsel was ineffective in failing to subpoena and call Virginia Willis and Sonya Winfield as witnesses to testify at trial. The State counters that the Petitioner admitted during the post-conviction hearing that trial counsel was unable to find Willis or Winfield and that their testimony would have been substantially similar to that provided by Terrion Cole. In addition, the State notes that the Petitioner failed to present either of these witnesses at the post-conviction hearing. This court has concluded that "[w]hen a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). The presentation of the witness at the post-conviction hearing is the only way for the petitioner to establish:

> (a) a material witness existed and the witness could have been discovered but for counsel's neglect in his investigation of the case,
> (b) a known witness was not interviewed,
> (c) the failure to discover or interview a witness inured to his prejudice, or
> (d) the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner.

Id.

Here, the post-conviction court determined that trial counsel's performance was not deficient regarding these witnesses. It noted that the proof at the hearing showed that neither Willis nor Winfield was present at the time of the offense, that they could not have testified as character witnesses for the Petitioner because the Petitioner did not testify at trial, and that trial counsel had been unable to find the witnesses, which was likely given that both

witnesses were drug addicts. The post-conviction court also placed particular emphasis on the fact that the Petitioner never brought Willis or Winfield to talk to trial counsel, despite the fact that the Petitioner had been out on bond following his arrest. As the State aptly notes, the Petitioner failed to present Willis and Winfield at the post-conviction hearing, and the Petitioner admitted that their testimony would have been substantially the same as Cole's testimony. Accordingly, trial counsel's performance was not deficient in failing to investigate or call these witnesses. See Vaughn, 202 S.W.3d at 116. Because the evidence does not preponderate against the findings of fact of the post-conviction court regarding these witnesses, this court is bound by those findings. See id. at 115.

**B. Failure to Properly Prepare a Defense.** The Petitioner also claims that trial counsel failed to adequately prepare a defense when she called Spencer Reeves to testify. In response, the State argues that the Petitioner admitted during the post-conviction hearing that trial counsel called Spencer Reeves at his request. At the conclusion of the evidentiary hearing, the post-conviction court determined that trial counsel called Reeves and Cole to support the Petitioner's defense theory that Reeves was responsible for placing the drugs in the Petitioner's car. Specifically, trial counsel called Reeves for the purpose of showing the jury that Reeves was not a credible witness. Accordingly, we agree with the post-conviction court that trial counsel's performance was not deficient in calling this witness. See id. at 116. Because the evidence does not preponderate against the findings of fact of the post-conviction court on this issue, this court is bound by those findings. See id. at 115.

The Petitioner also argues that trial counsel failed to prepare an adequate defense by failing to take photographs of his car, which would have shown the car's location, the car's flat tire, and the possibility that Spencer Reeves could have placed the cocaine in his automobile. In response, the State contends that the trial court properly denied post-conviction relief because the Petitioner failed to show how these photographs would have changed the result of his trial. At the hearing, the post-conviction court found that showing a photograph of his car to the jury would not have affected the outcome of the Petitioner's trial in light of the proof that the 2.2 grams of crack cocaine found in his car exceeded the amount that a mere user of drugs would possess and that $499 in cash was found on the Petitioner's person. The Petitioner's argument that a mere photograph of his car showing a flat tire would have convinced a jury that Reeves planted the drugs in his case is unfounded. We conclude that trial counsel's failure to show a photograph of the Petitioner's car to the jury was neither deficient nor prejudicial. See id. at 116. Because the evidence does not preponderate against the findings of fact of the post-conviction court on this issue, this court is bound by those findings. See id. at 115. Accordingly, the Petitioner is not entitled to post-conviction relief.

**Conclusion.**  Upon review, we affirm the judgment of the post-conviction court.


_____
CAMILLE R. McMULLEN, JUDGE